OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the July 1, 2003, Judgment Entry of the Delaware County Court of Common Pleas which granted defendant-appellee Shawn M. Davis' motion for acquittal and entered a judgment of acquittal.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 9, 2003, the Grand Jury for Delaware County indicted defendant-appellee Shawn M. Davis [hereinafter appellee] for felonious assault, in violation of R.C. 2903.119(A)(2). The case came before the trial court for a jury trial on June 23, 2003. At the conclusion of the State's case, the defense moved for acquittal pursuant to Crim. R. 29(A). The trial court granted the motion and entered a judgment of acquittal in favor of appellee.
 {¶ 3} It is from the trial court's judgment of acquittal that plaintiff-appellant, the State of Ohio, appeals, raising the following assignment of error:
 {¶ 4} "The trial court erred in granting the defendant's motion for acquittal pursuant to Crim. R. 29(A) at the close of the state's case."
 {¶ 5} In the sole assignment of error, appellant, the State of Ohio, asks this court to consider whether the trial court committed an error of law when it granted appellee's motion for acquittal, finding that "pointing a semi-automatic pistol at another, working the slide as if to chamber a round, and threatening to shoot the other person [did] not constitute evidence such that reasonable minds could have reached different conclusions as to whether the accused had taken an overt act towards causing physical harm to another." The State cites to case law which indicates that the act of pointing a gun at someone and threatening to shoot or kill them is sufficient to constitute an attempt to cause physical harm.
 {¶ 6} Appellee was charged with attempted felonious assault. As such, the State was required to prove that appellee knowingly attempted to cause physical harm to another by means of a deadly weapon. R.C. 2903.11(A)(2). To establish an "attempt," the State had to prove that appellee's actions were strongly corroborative of his attempt to cause physical harm by means of a deadly weapon.
 {¶ 7} Simply pointing a gun at another is not enough to prove an attempt to cause physical harm. State v. Brooks (1989),44 Ohio St.3d 185, 192, 542 N.E.2d 636, 642. "Something more" is required to establish intent. Verbal threats or other demonstrative evidence which are perceived by a reasonable person under the circumstances to be a threat could fulfill the requirement for additional evidence. State v. Green (1991),58 Ohio St.3d 239, 241, 569 N.E.2d 1038, 1041. That threat must indicate an intention to use that weapon. Id. at 241-242.
 {¶ 8} We start our analysis of this case by looking at the State's limited right to appeal under these circumstances. As the State agrees, the principles of double jeopardy preclude retrial of appellee. Any resolution of the issue before us will not affect this bar to retrial. Arguably, the motion for leave to appeal from the trial court to the court of appeals is therefore moot. However, the Ohio Supreme Court has held as follows:
 {¶ 9} "Ordinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review.Storer v. Brown (1974), 415 U.S. 724, 737, at fn. 8,94 S.Ct. 1274, 1282, 39 L.Ed.2d 714; In re Protest Filed by Citizens forthe Merit Selection of Judges, Inc. (1990), 49 Ohio St.3d 102,551 N.E.2d 150 . . .
 {¶ 10} "In State v. Keeton (1985), 18 Ohio St.3d 379, 18 OBR 434, 481 N.E.2d 629, we held at paragraph two of the syllabus that "[a] directed verdict of acquittal by the trial judge in a criminal case is a `final verdict' within the meaning of R.C.2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." Similarly, in State, ex rel. Yates, v. Court of Appeals for MontgomeryCty. (1987), 32 Ohio St.3d 30, 512 N.E.2d 343, syllabus, we held that `[a] judgment of acquittal by the trial judge, based upon Crim.R. 29(C), is a final verdict within the meaning of R.C.2945.67(A) and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute. * * *'" [footnote omitted] State v. Bistricky (1990),51 Ohio St.3d 157, 555 N.E.2d 644.
 {¶ 11} In State v. Bistricky, supra., the Ohio Supreme Court held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." Thus, in order for the State to appeal in this case, the question raised must be one of substantive law and capable of repetition. After review, we find that in this case, the question raised is not one of substantive law nor capable of repetition.
 {¶ 12} At the conclusion of the State's evidence at trial, the trial court entered a Judgment of Acquittal. The trial court entered a written Judgment Entry which explained the trial court's action. That Judgment Entry stated as follows:
 {¶ 13} "In the early morning hours of April 19, 2003, Greg Fransen and two friends, Scott Lusher and Amanda Lee, were walking westbound on Williams Street towards an apartment located at 145 Williams Street. Fransen stopped to tie his shoelaces and light a cigarette. Lusher and Lee continued on for some distance. As Fransen hurried to catch-up to Lusher and Lee, he encountered Defendant and two companions: Tim Patterson and Melissa Weaver. Fransen moved aside to allow the three to pass, but Patterson intentionally walked into Fransen. An altercation ensued, resulting in Defendant and Patterson throwing Fransen to the ground and proceeding to kick and punch Fransen about his head and person. This constituted an assault under the provisions of Section 2903.13 of the Revised Code. Weaver immediately left the scene. As Fransen lay prone, he called to Lusher for help. Lusher and Lee arrived quickly and broke up the attack. Defendant and Patterson moved to leave the scene, but not before Defendant threatened to get his gun.
 {¶ 14} "Defendant and Patterson then headed towards an apartment located at 20-1/2 South Sandusky Street with Franson, Lusher, and Lee chasing after them. All the while, the two groups exchanged verbal threats, or `trash-talking.'
 {¶ 15} "Defendant and Patterson arrived at the 201/2 So. Sandusky Street apartment, ascended three flights of stairs, entered the apartment, and locked the door behind them. Lusher proceeded to pound on the apartment door. Lusher then went downstairs to rejoin Fransen and Lee. Once he got to the bottom of the stairway, the three could hear Defendant cocking a gun by `jacking the slide.' Lusher turned and saw Defendant pointing a handgun at him. Next, Defendant shouted: `I'm going to shoot you' or words to that effect. Lusher then rushed back upstairs towards Defendant. Defendant retreated into the apartment.
 {¶ 16} "At the outset, a serious question exists as to whether the State established that Defendant ever actually pointed his weapon at Greg Fransen, the alleged victim. On direct examination, Fransen testified he saw Defendant "aiming a gun down to us." However, on cross-examination, Fransen testified the gun "was pointing at Scott when I got up to where Scott was standing." Fransen later testified that "I walked up to where [Scott] was and there was a gun pointing down at him." Lusher testified on direct examination that' * * * I stopped, turned around, and one of them was standing at the top of the first landing with a weapon chambered and pointing it [sic] me." On cross-examination Lusher further testified he charged after Defendant because Defendant "had a weapon chambered at me, I do not take that lightly at all. I'm in my fifth year [in the military] right now. If a weapon gets aimed at me, I take it very seriously." Nowhere does it appear in Lusher's testimony that Defendant aimed his weapon at Fransen. It is not clear why the State chose Fransen as the victim of the charged offense.
 {¶ 17} "The act of pointing a deadly weapon at another coupled with a threat, that indicates an intention to use such a weapon, is sufficient evidence to convict a defendant of the offense of felonious assault. State v. Green (1991),58 Ohio St.3d 239, 569 N.E.2d 1038, syllabus. A threat may be verbal; and a verbal threat is judged by how a reasonable person would perceive the threat under the circumstances. Id. at 242.
 {¶ 18} "Here, the evidence does not establish an intention on the part of the Defendant to use the weapon. Fransen and Lusher both testified they heard Defendant state that he was going to shoot them. However, both heard the verbal threat after they had pursued Defendant to the Sandusky Street apartment, chased him up a [sic] three flights of stairs and into an apartment. Indeed, Lusher pounded on the door of the apartment. Defendant eventually emerged with a weapon and verbally threatened Lusher and Fransen. After Defendant uttered the verbal threat and pointed his weapon at Lusher, Lusher charged the Defendant. At that point, Defendant did not discharge the weapon, but retreated back into the apartment. Moreover, Lusher and Fransen both testified they did not believe Defendant would shoot them. Under these circumstances, no reasonable mind would find Defendant's actions were an attempt to cause physical harm to another with a deadly weapon, but merely an attempt to scare away a pair of angry men.
 {¶ 19} "In conclusion, after reviewing the evidence in a light most favorable to the State, this Court finds that reasonable minds could only conclude the State failed to prove beyond a reasonable doubt each and every material element of the crime of felonious assault."
 {¶ 20} Upon review, we conclude that this appeal should not have been allowed. First, the trial court had to determine the actual facts as to whether the witnesses ever testified that the gun was pointed at the alleged victim. Such a determination is not a matter of law but a question of fact. Further, although the State attempts to narrowly phrase the factual question faced by the trial court, a review of the trial court's decision shows that the trial court considered many more facts than just appellant's pointing of a gun at someone after pulling back the slide and threatening to shoot someone. There was a complex set of facts which involved the pursuit of appellee by the alleged victim and two friends, one of which pounded on appellee's door upon arriving at the apartment. This set of facts is not likely to recur. As such, even if a question of law is presented as to the sufficiency of the evidence presented, we decline to exercise our discretion to hear such a factually intense question.
 {¶ 21} As such, the appeal is dismissed.
Edwards, J., Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal is dismissed. Costs assessed to appellant.