DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the State of Ohio, appeals from the decision of the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} On February 6, 2008, Appellee, Dalton Snow ("Snow"), was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2). Snow entered a written plea of not guilty to the charge. On May 5, 2008, Snow waived his right to a jury trial, and on May 19, 2008, the case proceeded to a bench trial. At the close of the State's evidence, Snow moved for a Crim. R. 29 acquittal on two grounds. He argued that the State presented insufficient evidence that the entry into the home was done by force, stealth, or deception. The second ground for his motion urged dismissal of the indictment for failure to include the mens rea for the trespass element of the crime, pursuant to State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I "). The trial court did not immediately rule on the motion. Instead it allowed the parties to brief the issue. *Page 2 
Snow then presented his case and subsequently reasserted his Crim. R. 29 motion at the close of all the evidence.
 {¶ 3} On May 27, 2008, Snow filed a motion to dismiss pursuant toColon I, supra, stating that the indictment failed to include the mens rea for the trespass portion of the burglary charge. The State responded to his motion, stating that burglary was a strict liability crime and therefore Colon I was not applicable. The State further argued thatColon I did not stand for the proposition that the indictment was required to state the mens rea for each underlying offense that was an element of the crime charged in the indictment. The State also argued that unlike the indictment in Colon I, the indictment in the instant case did not result in a structural error, and therefore Snow's motion was untimely. Finally, the State argued that any alleged failure in the indictment was an inappropriate basis for the grant of a Crim. R. 29 motion, as that motion relates solely to the sufficiency of the evidence.
 {¶ 4} On June 6, 2008, the trial court acquitted Snow, finding that the indictment was defective. The trial court further reached the merits of the Crim. R. 29 motion, stating, "[i]n the interest of judicial economy, *** in the event the Court's acquittal based on the defective indictment is ultimately reversed." The trial court found that the evidence was insufficient to convict Snow of burglary as charged pursuant to R.C. 2911.12(A)(2), but was sufficient to convict him of the lesser included offense of burglary pursuant to R.C. 2911.12(A)(3). The trial court stated that the charge of burglary in violation of R.C. 2911.12(A)(3) was proven beyond a reasonable doubt, and that it would have found Snow guilty of that crime had the defective indictment not required reversal.
 {¶ 5} The State sought, and was granted, leave to appeal this decision. The State has raised three assignments of error for our review. *Page 3 
 II. {¶ 6} We must first note that ordinarily the State is not afforded the right to appeal from a directed verdict of acquittal. R.C. 2945.67
grants the State the right to appeal "by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case[.]" The Ohio Supreme Court has held that a directed verdict is a final verdict for purposes of R.C. 2945.67.State v. Keeton (1985), 18 Ohio St.3d 379, paragraph two of the syllabus. In a bench trial, jeopardy attaches when the judge begins to receive evidence. State v. Meade (1997), 80 Ohio St.3d 419, 424, citingCrist v. Bretz (1978), 437 U.S. 28, 35 and United States v. Martin LinenSupply Co. (1977), 430 U.S. 564, 569. "[T]he principles of double jeopardy preclude retrial of [Snow]." State v. Davis, 5th Dist. No. 03 CA-A-07038, 2004-Ohio-2804, at 8. Even so, the issue is not moot if "`the underlying legal question is capable of repetition yet evading review.'" Id., at ¶ 9, quoting Storer v. Brown (1974), 415 U.S. 724, 737
at fn. 8. The Ohio Supreme Court has held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."State v. Bistricky (1990), 51 Ohio St.3d 157, syllabus.
 {¶ 7} "Substantive law" is defined as "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." Black's Law Dictionary, (8 Ed. 2004) 1470. There is no question that whether an indictment is defective due to the failure to include the mens rea is a substantive ruling in that it imposes a duty upon the State.
 {¶ 8} Next, we note that the State is not appealing from the judgment itself. Specifically, the State "is not seeking reinstatement of and is not appealing from the acquittal on R.C. 2911.12(A)(2)." In the instant case, the State requests a decision from this Court on *Page 4 
whether the indictment was defective under Colon I, and whether "the proper remedy when the indictment is truly defective under Colon I is dismissal of the indictment and not a judgment of acquittal." With regard to these two issues, we find that the State is appealing from a ruling that resulted in a judgment of acquittal, not the final verdict itself. Bistricky, 51 Ohio St.3d at syllabus. The State further contends that because the "acquittal on R.C. 2911.12(A)(3) burglary had nothing to do with factual guilt or innocence and since the trial court found the evidence sufficient to convict Snow on that offense the matter should be remanded with instructions to enter a conviction and sentence." As to this last contention, we find that the State is not attempting to appeal from the ruling that resulted in the acquittal, but rather the acquittal itself. Therefore, this portion of the State's argument is not properly before this Court and we will disregard it.
 {¶ 9} Finally, we find that the State's first two issues are capable of repetition. Without review, it is possible that the trial courts in our district will continue to determine that valid indictments are defective and to improperly grant a directed verdict of acquittal on the basis that there was some defect in the indictment. Accordingly, we find that a portion of this appeal is properly before us for review. SeeDavis, supra, at ¶ 11 ("the question raised must be one of substantive law and capable of repetition").
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE INDICTMENT FOR BURGLARY, R.C. 2911.12(A)(2), WAS DEFECTIVE BECAUSE IT LACKED A MENS REA FOR THE ELEMENT OF TRESPASS."
 {¶ 10} In its first assignment of error, the State contends that the trial court erred as a matter of law in finding that the indictment for burglary pursuant to R.C. 2911.12(A)(2) was defective because it lacked a mens rea for the element of trespass. We agree. *Page 5 
 {¶ 11} Snow was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2). The indictment on this charge states, in relevant part:
 "That *** Dalton J. Snow, on or about the 27th day of January, 2008, in the County of Summit and State of Ohio, aforesaid, did commit the crime of BURGLARY, in that they did by force, stealth, or deception, trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, to wit: 2292 13th St., S.W., Akron, OH, that was a permanent or temporary habitation of any person when any person other than an accomplice of the offender was present or likely to be present, with purpose to commit in the habitation any criminal offense, in violation of Section 2911.12(A)(2) of the Ohio Revised Code[.]" (Emphasis added.)
 {¶ 12} Snow contends, and the trial court found, that the omission of an essential element from a grand jury indictment is structural error, which does not require a showing of prejudice and leads to automatic reversal. We do not agree with this contention.
 {¶ 13} We recently explained that:
 "In Colon I, the Supreme Court permitted a defendant to raise the issue of a defective indictment for the first time on appeal and concluded that the absence of a mens rea in the indictment, in conjunction with significant errors throughout the trial, warranted a reversal of the defendant's conviction for structural error. Colon I at ¶ 28-32. Recently, however, the Supreme Court readdressed the issue in Colon I on a motion for reconsideration. See State v. Colon (`Colon II'), [119 Ohio St.3d 204,] 2008-Ohio-3749. The Court clarified that `when a defendant fails to object to an indictment that is defective because the indictment did not include an essential element of the charged offense, a plain-error analysis is appropriate.' Id. at ¶ 7[]. `Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment.' Id. at ¶ 8[]." State v. Sandoval, 9th Dist. No. 07CA009276, 2008-Ohio-4402, at ¶ 19.
Snow raises no argument that any significant errors occurred throughout his trial. Instead, he bases his analysis solely on his contention that the indictment was defective. Therefore, we conclude that a structural analysis would be inappropriate in the instant case. Id.
 {¶ 14} The parties agree that the requisite mens rea for burglary is "purposely." The indictment clearly states that Snow did by force, stealth, or deception, trespass in an occupied *Page 6 
structure with purpose to commit a criminal act in the habitation. R.C. 2911.12(A)(2). The trial court, however, determined that because the indictment did not include the mens rea element of the predicate offense, trespass, that the indictment was defective. The State contends that the elements of the predicate offense do not need to be stated in the indictment for the compound offense. The State contends thatColon I did not address this issue. We have previously noted that the charge in Colon I did not rely on a predicate offense.Sandoval, supra, at ¶ 23. Accordingly, we will not extend the application of Colon I to the facts in the instant case. See State v.Davis, 8th Dist. No. 90050, 2008-Ohio-3453, at ¶ 21 (finding thatColon I does not apply to burglary and that "the mental state required by trespassing-namely, knowingly-is incorporated by reference into the burglary statutes").
 {¶ 15} In State v. Buehner, 110 Ohio St.3d 403, 2006-Ohio-4707, the Ohio Supreme Court held that
 "an indictment that tracks the language of the charged offense and identifies a predicate offense by reference to the statute number need not also include each element of the predicate offense in the indictment. The state's failure to list the elements of a predicate offense in the indictment in no way prevents the accused from receiving adequate notice of the charges against him." Id. at ¶ 11.
 {¶ 16} There is no question that in the instant case, the indictment tracks the language of R.C. 2911.12(A)(2), which states that
 "[n]o person, by force, stealth, or deception, shall *** [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
The Court further stated that "it is the predicate offense itself and not the elements of the predicate offense that is an essential element of the charged offense. Therefore, the indictment in this case was sufficient to provide the appellee with adequate notice of the charge against him." *Page 7 
 Buehner, supra, at ¶ 12. We note that the Supreme Court in ColonI did not give any indication of an intent to overrule this holding, and we reiterate that the indictment in Colon I did not involve a predicate offense. Accordingly, we find that the trial court erred when it determined that the indictment was fatally defective due to the omission of the mens rea element of the predicate offense. The indictment properly charged Snow with the offense. The State's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING A JUDGMENT OF ACQUITTAL; WHERE AN INDICTMENT DOES NOT CONTAIN AN ESSENTIAL ELEMENT THE REMEDY IS DISMISSAL OF THE INDICTMENT NOT AN ACQUITTAL."
 {¶ 17} In its second assignment of error, the State contends that the trial court erred as a matter of law in granting a judgment of acquittal, and assuming the indictment did not contain an essential element, the proper remedy was a dismissal of the indictment. We agree.
 {¶ 18} Although Snow's written motion below was captioned as a motion to dismiss, in its journal entry the trial court granted Snow's Crim. R. 29 motion for an acquittal. Crim. R. 29(A) states, in pertinent part, that the court "shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." (Emphasis added.) Pursuant to Colon I, "an indictment that omits an essential element [of an offense] fails to charge [the] offense." Colon I, supra, at ¶ 38. Therefore, Crim. R. 29(A) would not apply, as there would be no charge in the indictment to review for sufficiency of evidence. Rather, the proper remedy for a fatally defective indictment is dismissal. See State v. Gonzalez, 7th Dist. No. 06 MA 58, 2008-Ohio-2749, at ¶¶ 18, 31. Accordingly, we conclude that the trial court erred by granting Snow's *Page 8 
Crim. R. 29 motion as the proper remedy would have been dismissal of the charge. The State's second assignment of error is sustained.
 ASSIGNMENT OF ERROR III "[]SNOW CAN BE CONVICTED AND SENTENCED ON THE LESSER INCLUDED OFFENSE OF R.C. 2911.12(A)(3) SINCE THE ACQUITTAL WAS UNRELATED TO FACTUAL GUILT OR INNOCENCE."
 {¶ 19} In its third assignment of error, the State contends that Snow can be convicted and sentenced on the lesser included offense of R.C. 2911.12(A)(3) because the acquittal was unrelated to factual guilt or innocence.
 {¶ 20} As we stated at the outset, we conclude that in this assignment of error, the State is not attempting to appeal from the ruling that resulted in the acquittal, but rather the acquittal itself.Bistricky, 51 Ohio St.3d at syllabus. We conclude that this assignment of error is not properly before this Court and is therefore dismissed.
 III. {¶ 21} The State's first and second assignments of errors are sustained. Its third assignment of error is dismissed. The judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 9 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
WHITMORE, J. DICKINSON, J. CONCUR. *Page 1