[Cite as *State v. Lavery*, 2011-Ohio-5859.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.    10CA0062-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS F. LAVERY | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    10 TRD 01262 |

DECISION AND JOURNAL ENTRY

Dated: November 14, 2011

WHITMORE, Judge.

{¶1}   Defendant-Appellant, Thomas Lavery, appeals from his conviction in the Medina Municipal Court.  This Court reverses.

I

{¶2}   On March 1, 2010, Lavery entered a Speedway gas station on Medina Road. Officer Cliff Nicholson was in the area at the time and observed that Lavery's vehicle had a broken mirror on the driver's side.  Officer Nicholson ran Lavery's plates and discovered that the validation sticker for the plates had expired.  He waited until Lavery attempted to leave the gas station in the vehicle and then executed a stop.  Lavery admitted that he had failed to obtain a current validation sticker for the vehicle.  Officer Nicholson then issued him a traffic citation for operating a vehicle with expired plates.

**{¶3}** Lavery pleaded not guilty to the sole charge in his citation, a violation of R.C. 4503.19. A bench trial took place on April 30, 2010, at the conclusion of which the trial court found Lavery guilty of violating R.C. 4503.19. The court sentenced Lavery to a fine and costs.

**{¶4}** Lavery now appeals from his conviction and raises one assignment of error for our review.

II

Assignment of Error

"APPELLANT, MR. LAVERY, WAS FOUND GUILTY OF AN INVALID TRAFFIC CHARGE REGARDING REGISTRATION/LICENSE PLATES/VALIDATION STICKERS. BUT THERE IS NOTHING IN THE SECTION 4503.19 OF O.R.C. OF WHICH HE WAS IN VIOLATION. ALSO, THE CHARGE REFERRED TO 'OPERATING A VEHICLE UPON A PUBLIC HIGHWAY', BUT HE WAS CLEARLY ON PRIVATE PROPERTY. THERE IS NO WAY 'PROOF BEYOND A REASONABLE DOUBT' CAN APPLY TO AN INVALID CHARGE."

**{¶5}** In his sole assignment of error, Lavery argues that his conviction is invalid because the State failed to properly charge him. We agree.

**{¶6}** A judgment of conviction that is based upon an instrument that fails to charge an offense is "void[able] for lack of jurisdiction of the subject matter[.]" *State v. Cimpritz* (1953), 158 Ohio St. 490, paragraph six of the syllabus, modified by *Midling v. Perrini* (1968), 14 Ohio St.2d 106, syllabus. Jurisdiction is a question of law, which this Court reviews de novo. *CommuniCare Health Servs., Inc. v. Murvine*, 9th Dist. No. 23557, 2007-Ohio-4651, at ¶13, citing *State v. Walls* (Dec. 11, 2000), 12th Dist. No. CA99-10-174, at *2.

**{¶7}** "The elements necessary to constitute a crime must be gathered wholly from the statute." *Cimpritz*, 158 Ohio St. 490, paragraph two of the syllabus. Further, "[a]ll of the essential elements of the offense must be charged in the complaint or the instrument is invalid." *State v. Ottenstein* (Aug. 1, 1979), 9th Dist. No. 9166, at *5. A court may not cure a defect in a

charging instrument by looking outside the instrument to determine the nature of the charge. See *State v. Childs* (2000), 88 Ohio St.3d 194, 198. This is because "[a] defendant has a constitutional right to be informed of the nature and cause of the accusation against him." *State, Tp. of Richfield v. Summers* (June 6, 1990), 9th Dist. No. 14350, at *2. See, also, *State v. Bader* (June 20, 2001), 9th Dist. Nos. 00CA0087, 00CA0088 & 00CA0089, at *2 (holding that an accused must be given "notice of the offense of which he is charged"); *Springfield Twp. v. Quicci* (1994), 97 Ohio App.3d 664, 666-67, quoting *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, paragraph one of the syllabus (holding that for a traffic ticket to adequately charge an offense it must apprise the defendant of the nature of the charge and make reference to the statute or ordinance involved). "[T]he proper remedy for a fatally defective [charging instrument] is dismissal." *State v. Snow*, 9th Dist. No. 24298, 2009-Ohio-1336, at ¶18.

{¶8} R.C. 4503.19 provides, in relevant part as follows:

"(A) Upon the filing of an application for registration and the payment of the tax for registration, the registrar of motor vehicles *** shall determine whether the owner previously has been issued license plates for the motor vehicle described in the application. If no license plates previously have been issued to the owner for that motor vehicle, the registrar *** shall assign to the motor vehicle a distinctive number and issue and deliver to the owner *** a certificate of registration *** and *** two license plates, *** and a validation sticker, or a validation sticker alone, to be attached to the number plates as provided in section 4503.191 of the Revised Code."

R.C. 4503.191 provides for the issuance of a new validation sticker for a multi-year license plate upon the filing of a registration application and the payment of the applicable fees. R.C. 4503.19 and R.C. 4503.191 "govern the issuance of license plates and validation stickers." *State v. Bouman*, 8th Dist. No. 88021, 2007-Ohio-824, at ¶8.

{¶9} Officer Nicholson testified that he stopped Lavery in a vehicle as Lavery was attempting to leave a Speedway gas station on Medina Road. He further testified that Lavery's

validation sticker had expired in January 2010, more than one month prior to the stop. Lavery testified and admitted that the vehicle's sticker was expired. Accordingly, there was evidence in the record that Lavery operated a vehicle with an expired validation sticker.

{¶10} Lavery does not dispute that he was operating a vehicle at the time Officer Nicholson stopped him or that the vehicle had an expired validation sticker. Instead, he argues that his conviction is invalid because the State only charged him with a violation of R.C. 4503.19, an insufficient charge to sustain a conviction for driving with an expired validation sticker. Lavery essentially asserts that the State improperly charged him.

{¶11} R.C. 4503.21 governs failures to display validation stickers and provides, in relevant part, that "[n]o person who is the *** operator of a motor vehicle shall fail to display in plain view *** any validation sticker issued under sections 4503.19 and 4503.191 of the Revised Code[.]" R.C. 4503.21(A). Numerous courts have referred to a violation of R.C. 4503.21 as the offense of driving with an expired plate/validation sticker. See, e.g., *State v. Turner*, 11th Dist. No. 2007-P-0090, 2008-Ohio-3898, at ¶5; *Blue Ash v. Kavanagh*, 113 Ohio St.3d 67, 2007-Ohio-1103, at fn.2; *Bouman* at ¶11; *State v. Keane* (Jan. 24, 2000), 5th Dist. No. 1999CA0182, at *2; *State v. Bird* (Sept. 2, 1982), 2d Dist. No. 7777, at *3. The record reflects that Lavery's citation described his offense as "expired plate," but only cited him with a violation of R.C. 4503.19. As previously noted, R.C. 4503.19 governs the issuance of validation stickers. *Bouman* at ¶8.

{¶12} The State argues that R.C. 4503.19 forms an offense when read in conjunction with R.C. 4503.191 and R.C. 4503.21. In support of its argument, it relies upon *Bouman* and *Keane*, both of which concluded that R.C. 4503.21 charged the offense of driving with an expired validation sticker when read in conjunction with R.C. 4503.19 and R.C. 4503.191. See *Bouman* at ¶10-11; *Keane*, at *2. Those cases are distinguishable, however, in that the

defendants in *Bouman* and *Keane* were charged with violations of the proper statute, R.C. 4503.21. *Bouman* at ¶1; *Keane*, at *1. R.C. 4503.21 refers to both R.C. 4503.19 and R.C. 4503.191 by statute number. R.C. 4503.21(A). The courts in *Bouman* and *Keane* merely noted that those statutes, as referenced in R.C. 4503.21, could be relied upon to define what constitutes a proper validation sticker for purposes of R.C. 4503.21's display requirement. See *Bouman* at ¶10-11; *Keane*, at *2. To read R.C. 4503.21 in conjunction with Lavery's citation here would be to improperly graft an entire offense onto his charging instrument. See *Childs*, 88 Ohio St.3d at 198; *O'Connor*, 17 Ohio St.3d at paragraph one of the syllabus.

{¶13} Lavery's citation only charged him with a violation of R.C. 4503.19, which governs the issuance of validation stickers and does not refer to R.C. 4503.21. Based solely on a description of "expired plates" and a reference to R.C. 4503.19, we cannot conclude that Lavery's citation adequately informed him of the charge against him. See *Childs*, 88 Ohio St.3d at 198; *O'Connor*, 17 Ohio St.3d at paragraph one of the syllabus. The trial court erred by refusing to dismiss the charge against Lavery on the basis that he was improperly charged. See *Snow* at ¶18. Lavery's sole assignment of error is sustained.

III

{¶14} Lavery's sole assignment of error is sustained, and his conviction for driving with an expired validation sticker is vacated pursuant to that determination. The judgment of the Medina Municipal Court is reversed.

Judgment reversed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR

APPEARANCES:

THOMAS F. LAVERY, pro se, Appellant.

ARTHUR EDWARD FOTH and RICHARD BARBERA, Assistant Prosecuting Attorneys, for Appellee.