[Cite as *State v. Taylor*, 2020-Ohio-4770.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 20CA23 |
| | : | |
| CAMRON TAYLOR | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No. 2019-CR-
0322


JUDGMENT:                    DISMISSED



DATE OF JUDGMENT ENTRY:      October 2, 2020



APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:

GARY BISHOP                           WESLEY C. BUCHANAN
RICHLAND CO. PROSECUTOR               50 South Main St.
JOSEPH C. SNYDER                      Suite 625
38 South Park St.                     Akron, OH 44308
Mansfield, OH 44902

*Delaney, J.*

{¶1}   Appellant state of Ohio appeals from the February 11, 2020 "Judgment Entry Overruling Defendant's Motion to Dismiss and Granting Defendant's Criminal Rule 29 Motion after Bench Trial."  Appellee is Camron Taylor.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose on November 18, 2018 at a vocational high school when one minor student asked another minor student to purchase a marijuana "edible" for him from another student—appellee—in the school cafeteria.  The purchaser paid appellee for an item described as a "Rice Krispies treat" or a "Fruity Pebbles snack."  The item was described as a square brightly-colored baked cereal treat.

{¶3}  Two minor students shared the snack.   "John Doe" consumed approximately half of it and became sick at school.  School authorities called an ambulance and Doe was transported to an area hospital and treated for acute T.H.C. toxicity.

{¶4}   Doe and the other minor students who played a role in the purchase of the edible testified they bought it "to get high" and assumed it contained T.H.C.

{¶5}   The assistant director of the vocational school testified he was alerted to the sale of the edible by John Doe's parents after the hospitalization.  He searched appellee's book bag and found several individually-packaged cereal-treat edibles.  He also searched appellee's vehicle and found a jar of suspected marijuana.  The assistant director is trained in identification of marijuana by sight and smell and identified the substance as marijuana.

{¶6} The edibles and marijuana were turned over to the school resource officer, who interviewed appellee. Appellee eventually admitted the marijuana in the car was his and that the edibles contained T.H.C., the psychoactive component of marijuana. Appellee denied selling the edibles to other students.

{¶7} The substance in the Mason jar weighed 53 grams and tested positive for marijuana. The total weight of the edibles was 217.53 grams and the edibles tested positive for T.H.C. The forensic scientist from B.C.I. could not testify to a percentage of T.H.C. contained in the substances.

{¶8} Appellee was charged by indictment with one count of trafficking in marijuana in the vicinity of a school or juvenile pursuant to R.C. 2925.03(A)(2) and (C)(3)(c), a felony of the third degree [Count I], and one count of possession of marijuana pursuant to R.C. 2925.11(A) and (C)(3)(c), a felony of the fifth degree [Count II]. Appellant entered pleas of not guilty.

{¶9} On August 15, 2019, appellee filed a motion to dismiss asserting the allegations contained in the indictment do not state criminal offenses under Ohio law. The motion to dismiss states in pertinent part:

* * * *.

Effective July 30, 2019, Hemp became legal in Ohio. Hemp is defined as cannabis containing not more than 0.3% THC. See Senate Bill 57 2019 General Assembly Am. Sub.S.B. No. 57 133rd G.A. at 11 (defining hemp as [a] "Cannabidiol" means the cannabidiol compound containing a delta-9 * * * * tetrahydrocannabinol concentration of not more than three-tenths per cent, derived from

hemp).  A consequence of the Senate Bill 57 is that for a marijuana prosecution to be successful the State must prove that the substance possessed contains more than 0.3% tetrahydrocannabinol.

* * * *.

{¶10} Appellant responded with a memorandum in opposition.

{¶11} On September 25, 2019, the trial court filed a Judgment Entry Overruling Defendant's Motion to Dismiss, acknowledging that Ohio recently passed S.B. 57 which removes "hemp" from the definition of marijuana, with "hemp" defined as the Cannabis setiva L. plant containing less than 0.3 percent of THC.   The judgment entry acknowledges S.B. 57 became effective on July 30, 2019, and further states in pertinent part:

* * * *.

The State of Ohio alleges that the defendant committed the offenses in this case on November 19, 2018.  This was well before the effective date of Senate Bill 57.  The general rule is that a statute is presumed to be prospective in its operation, unless expressly made retrospective.  It does not appear that Senate Bill 57 was expressly made retroactive.  However Ohio Revised Code 1.58(B) provides that when a statute is amended after the commission of a crime, but before a sentence is imposed, which is the case here, then the defendant is entitled to receive the benefit of the reduced penalty in the statute as amended.

Accordingly, by removing hemp from the definition of marijuana, the legislature has amended the statutes relating to Trafficking and Possession of Marijuana. The State must now prove that the substance trafficked and/or possessed in this case was in fact marijuana and not hemp.

For the reasons above the defendant's motion to dismiss is hereby overruled. **However, in order to sustain a conviction in this matter the State of Ohio will be required to prove beyond a reasonable doubt that the substance claimed to be trafficked and possessed by the defendant in this case was in fact marijuana and not hemp.** (Emphasis added.) This is because possession and selling of hemp is no longer illegal under Ohio law.

* * * *.

{¶12} On October 11, 2019, appellant filed a Notice of Intent advising appellee and the trial court of appellant's "intention to provide evidence of laboratory testing according to the law as of the date of the crime in this matter." Appellant further argued in the Notice of Intent that Senate Bill 57 did not amend or modify the drug possession or drug trafficking statutes, including their penalties, therefore R.C. 1.58(B) is inapplicable.

{¶13} On February 5, 2020, appellee filed a motion to dismiss on speedy-trial grounds.

{¶14} On February 6, 2020, appellee waived his right to trial by jury and consented to trial by the court.

{¶15} The matter proceeded to bench trial on February 6, 2020.

{¶16} On February 11, 2020, the trial court filed a Judgment Entry Overruling Defendant's Motion to Dismiss and Granting Defendant's Criminal Rule 29 Motion after Bench Trial. The trial court found appellant's speedy-trial rights had not been violated. The trial court further granted appellant's Crim.R. 29 motion to dismiss, finding appellant "failed to prove an element of the offense, that being that the substances in question were illegal based on the amount of THC in the items recovered from the defendant's backpack and vehicle." The trial court further stated appellant was put on notice by the earlier ruling but at trial failed to present any evidence relating to the percentage of THC in the substances recovered from appellee.

{¶17} Appellant now appeals from the trial court's judgment entry of February 11, 2020.

{¶18} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶19} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT MISAPPLIED R.C. 1.58(B)."

**ANALYSIS**

{¶20} In its sole assignment of error, appellant argues the trial court misapplied R.C. 1.58. Because we find the appeal should not have been granted, we decline to reach the merits of this issue.

{¶21} Appellant filed a motion for leave to appeal pursuant to R.C. 2945.67 and App.R. 5 on February 12, 2020. Appellee responded with a memorandum in opposition, arguing the state of Ohio may not appeal the trial court's judgment of acquittal. Appellant replied in opposition, acknowledging appellant may not be re-tried and his acquittal

remains in place regardless of the outcome of this appeal, but asserting the issue raised in this appeal is capable of repetition yet evading review. We granted leave to appeal.

{¶22} We have previously reviewed state's appeals from Crim.R. 29 acquittals and have disallowed the appeals. "Ordinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review. *State v. Davis*, 5th Dist. Delaware No. 03 CA-A-07038, 2004-Ohio-2804, ¶ 8, citing *Storer v. Brown*, 415 U.S. 724, 737, at fn. 8, 94 S.Ct. 1274, 1282, 39 L.Ed.2d 714 (1974) and *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.*, 49 Ohio St.3d 102, 551 N.E.2d 150 (1990). However, in *State v. Bistricky,* the Ohio Supreme Court held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed."

{¶23} In order for the state of Ohio to appeal in this case, the question raised must be one of substantive law and capable of repetition. *Davis*, supra, 2004-Ohio-2804, ¶ 11. After review, we find that in this case, the question raised is not one of substantive law nor capable of repetition. At oral argument, appellant conceded our decision in this case would in no way affect appellee because he could not be resentenced or retried because of double jeopardy. "The question before this court then is whether the nexus of this appeal is a substantive law issue which does not affect the verdict." *State v. Brown*, 5th Dist. Stark No. 1999CA00188, 2000 WL 94084, *2.

{¶24} After review, we find that in this case, the question raised is not one of substantive law and capable of repetition because it would apply to a miniscule (and

possibly nonexistent) category of criminal cases involving marijuana, not yet prosecuted but arising before the effective date of S.B. 57 (July 30, 2019). See, *Davis*, supra, 2004-Ohio-2804 at ¶ 11. We decline to issue an advisory opinion as to whether the trial court properly applied R.C. 1.58(B) and find this appeal should not have been allowed.

{¶25} The appeal is therefore dismissed. *Id.*

## CONCLUSION

{¶26} Appeal dismissed.


By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.