[Cite as *State v. Durbin*, 2012-Ohio-301.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0136-M |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNETH F. DURBIN | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 10 CRB 01212 |

DECISION AND JOURNAL ENTRY

Dated: January 30, 2012

MOORE, Judge.

{¶1} Appellant, the State of Ohio, appeals from the judgment of the Medina Municipal Court. This Court affirms in part and reverses in part.

I.

{¶2} On August 22, 2010, Deputy Douglas Clinage of the Medina County Sherriff's Office responded to a fireworks complaint at the home of Robert Durbin, Appellee's father. When he arrived, Mr. Durbin showed him ten "fireworks" that he had found in his barn and that he believed belonged to his son, Appellee. Deputy Clinage then spoke with Appellee about the items. Appellee claimed the items as his own and told the deputy that he likes to "set them off" in the woods. The deputy photographed the items found in the barn, and then took the items back to the Sherriff's Office, where he soaked and destroyed them. After speaking with Mr. Durbin and Appellee, Deputy Clinage issued a citation to Appellee for possession of fireworks in violation R.C. 3743.65(A).

{¶3} The case proceeded to a jury trial. The State provided the testimony of Appellee's father and Deputy Clinage, who testified that the items found were "fireworks" and that Appellee had acknowledged his ownership of the items.

{¶4} At the close of the State's evidence, Appellee moved to dismiss pursuant to Crim.R. 29. The trial court determined that the State had failed to present evidence sufficient to meet each element of the offense as set forth in R.C. 3743.65(A), specifically that the State had failed to provide evidence as to the inapplicability of the exceptions provisions of the statute, and granted Appellee's motion.

{¶5} The State timely filed a notice of appeal and a leave to appeal pursuant to App.R. 5(C). This Court granted the State's leave to appeal pursuant to the holding in *State v. Bistricky*, 51 Ohio St.3d 157 (1990), syllabus. The State raises one assignment of error for our review.

II.

{¶6} The Ohio Supreme Court has held that "[a] directed verdict of acquittal by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A)[.]" *State v. Keeton*, 18 Ohio St.3d 379 (1985), paragraph two of the syllabus. Ordinarily the State is not afforded the right to appeal from a judgment of acquittal, as reversal of a judgment of acquittal would permit the state to try a defendant a second time. *U.S. v. Martin Linen Supply Co.*, 430 U.S. 564, 589 (1977). "[T]he principles of double jeopardy preclude retrial of [a defendant]." *State v. Davis,* 5th Dist. No. 03 CA-A-07038, 2004-Ohio-2804, at ¶ 8. R.C. 2945.67(A), however, grants the State the right to appeal "by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case[.]"

{¶7} Even though the State may not appeal the final verdict in a criminal case, the issue is not moot if "the underlying legal question is capable of repetition yet evading review." *Id.* at

¶9, quoting *Storer v. Brown*, 415 U.S. 724, 737 (1974), fn. 8. Thus, the Ohio Supreme Court has held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *Bistricky*, 51 Ohio St.3d 157, syllabus.

{¶8} "Substantive law" is defined as "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." Black's Law Dictionary, (8 Ed. 2004) 1470. The trial court here determined that certain exceptions set forth in R.C. 3743.65(A) and 3743.80 are elements of the offense of illegal possession of fireworks, which the State must prove beyond a reasonable doubt. This is a substantive ruling in that it determines the duty of the State in its prosecutions for this offense.

{¶9} Next, we note that the State is not appealing from the final verdict itself. Specifically, the State has requested only that this Court address whether the exceptions listed in R.C. 3743.65(A) and 3743.80 constitute "elements of the offense," for which the State bears the burden of proof, or whether these exceptions constitute "affirmative defenses," for which a defendant bears the burden of proof. With regard to this issue, we conclude that the State is appealing a decision other than the final verdict of acquittal. *Bistricky*, 51 Ohio St.3d at syllabus. Accordingly, we conclude that the assignment of error raised by the State is properly before us.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT IMPROPERLY PLACED UPON [THE] STATE [] THE BURDEN OF ESTABLISHING PROOF WITH RESPECT TO MATTERS THAT ARE AFFIRMATIVE DEFENSES AVAILABLE TO []APPELLEE."

{¶10} In its sole assignment of error, the State argues that once it had provided sufficient evidence that Appellee was in possession of "fireworks," it met its burden under R.C.

3743.65(A), and the burden then shifted to Appellee to prove that an exception set forth within 3743.65(A) or 3743.80 applied.

**{¶11}** R.C. 3743.01(F) defines a firework as "any composition or device prepared for the purpose of producing a visible or an audible effect by combustion, deflagration, or detonation, except ordinary matches and except as provided in section 3743.80 of the Revised Code." R.C. 3743.80 provides,

> This chapter does not prohibit or apply to the following:
>
> (A) The manufacture, sale, possession, transportation, storage, or use in emergency situations, of pyrotechnic signaling devices and distress signals for marine, aviation, or highway use;
>
> (B) The manufacture, sale, possession, transportation, storage, or use of fuses, torpedoes, or other signals necessary for the safe operation of railroads;
>
> (C) The manufacture, sale, possession, transportation, storage, or use of blank cartridges in connection with theaters or shows, or in connection with athletics as signals or for ceremonial purposes;
>
> (D) The manufacture for, the transportation, storage, possession, or use by, or sale to the armed forces of the United States and the militia of this state of pyrotechnic devices;
>
> (E) The manufacture, sale, possession, transportation, storage, or use of toy pistols, toy canes, toy guns, or other devices in which paper or plastic caps containing twenty-five hundredths grains or less of explosive material are used, provided that they are constructed so that a hand cannot come into contact with a cap when it is in place for explosion, or apply to the manufacture, sale, possession, transportation, storage, or use of those caps;
>
> (F) The manufacture, sale, possession, transportation, storage, or use of novelties and trick noisemakers, auto burglar alarms, or model rockets and model rocket motors designed, sold, and used for the purpose of propelling recoverable aero models;
>
> (G) The manufacture, sale, possession, transportation, storage, or use of wire sparklers.
>
> (H) The conduct of radio-controlled special effect exhibitions that use an explosive black powder charge of not more than one-quarter pound per charge,

and that are not connected in any manner to propellant charges, provided that the exhibition complies with all of following:

(1) No explosive aerial display is conducted in the exhibition;

(2) The exhibition is separated from spectators by not less than two hundred feet;

(3) The person conducting the exhibition complies with regulations of the bureau of alcohol, tobacco, and firearms of the United States department of the treasury and the United States department of transportation with respect to the storage and transport of the explosive black powder used in the exhibition.

{¶12} Pursuant to R.C. 3743.65(A),

No person shall possess fireworks in the state or shall possess for sale or sell fireworks in this state, except [1] a licensed manufacturer of fireworks as authorized by sections 3743.02 to 3743.08 of the Revised Code, [2] a licensed wholesaler of fireworks as authorized by sections 3743.15 to 3743.21 of the Revised Code, [3] a shipping permit holder as authorized by section 3743.40 of the Revised Code, [4] an out-of-state resident as authorized by section 3743.44 of the Revised Code, [5] a resident of this state as authorized by section 3743.45 of the Revised Code, or [6] a licensed exhibitor of fireworks as authorized by sections 3743.50 to 3743.55 of the Revised Code, and [7] except as provided in section 3743.80 of the Revised Code.[1]

{¶13} Here, the trial court determined that the State bore the burden of proving that certain exceptions set forth in R.C. 3743.65(A) did not apply to Appellee. Further, the trial court determined that the State bore the burden of proving that the exceptions set forth in R.C. 3743.80 did not apply to Appellee. See R.C. 3743.65(A)[7] (excluding the provisions of R.C. 3743.80 from the prohibition of possession of fireworks), and R.C. 3743.01(F) (excluding the provisions of R.C. 3743.80 from the definition of "fireworks"). The State argues that the trial court incorrectly placed this burden upon the State because these exceptions constitute affirmative defenses.

{¶14} Pursuant to R.C. 2901.05(A),

---

[1] Bracketed numbers have been inserted for ease of discussion as to the exceptions contained in R.C. 3743.65(A).

Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.

{¶15} R.C. 2901.05(D) defines an "affirmative defense" as either "[a] defense expressly designated as [an] affirmative defense[]," or "[a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence."

{¶16} None of the exceptions listed within R.C. 3743.65(A) and 3743.80 are expressly designated as affirmative defenses. The trial court determined that two of the R.C. 3743.65(A) exceptions, identified as [4] and [5] above, which pertain to out of state residents in the course of transporting fireworks out of the state and residents of Ohio who will transport the fireworks out of the state within 48 hours, involve excuses or justifications "peculiarly within the knowledge of the accused." R.C. 2901.05(D). Therefore, the trial court determined that these exceptions constitute affirmative defenses.

{¶17} However, the trial court determined that the remaining exceptions in R.C. 3743.65(A) and all of the exceptions listed in R.C. 3743.80 constitute elements of the offense, because these exceptions do not involve issues "peculiarly within the knowledge of the accused." R.C. 2901.05(D). In support, the trial court cited R.C. 2901.04(A), which sets forth that "[e]xcept as otherwise provided * * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The trial court then reasoned that, in regard to the remaining R.C. 3743.65(A) exceptions, the State Fire Marshal must maintain a list of all licensed and permitted persons set forth within R.C. 3743.65(A)[1], [2], [3] and [6]. Thus, proof as to these exceptions is "easily available to the

State of Ohio through public records maintained by an executive department of the State." See R.C. 3743.03(C), R.C. 3743.16(C), R.C. 3743.40(E), and R.C. 3743.51(C). Therefore, knowledge of such a license or permit would not be "peculiar" to the accused.

{¶18} In regard to the exceptions set forth in R.C. 3743.80, the trial court determined that whether the items at issue fall within an R.C. 3743.80 exception is likewise not "knowledge peculiar to the accused." The trial court determined that these exceptions also constitute elements of the offense, of which the State bears the burden of proof.

{¶19} We agree with the trial court that a defendant's knowledge of the licenses and permits as set forth within R.C. 3743.65(A) is not peculiar to him/her. The existence of such licenses or permits "involve matters that are within [Appellee's] knowledge, but not *peculiarly* (characteristically, distinctly, or exceptionally) so." *See State v. Nucklos*, 171 Ohio App.3d 38, 2007-Ohio-1025 (2d Dist.), *aff'd*, 121 Ohio St.3d 332, 2009-Ohio-792; see also *State v. Doran*, 5 Ohio St.3d 187, 193 (1983) (reasoning that entrapment constitutes an affirmative defense in part because "only the accused possesses the actual knowledge concerning his predisposition to commit the offense"). Therefore, we agree with the trial court that the licensure and permit exceptions are elements of the offense on which the State bears the burden of proof.

{¶20} As to the exceptions set forth within R.C. 3743.80, knowledge as to whether the items constitute permissible items and uses under that section depends upon the subsection at issue. The following exceptions require knowledge as to the use or purpose to which the item is put: those used "for marine, aviation, or highway use" as set forth in R.C. 3743.80(A); those that are "necessary for the safe operation of railroads" as set forth in R.C. 3743.80(B); those used "in connection with theaters or shows, or in connection with athletics as signals or for ceremonial purposes" as set forth in R.C. 3743.80(C); those which ultimately are to be used by the "armed

forces of the United States and the militia of this state" as set forth in R.C. 3743.80(D); those which are "designed, sold, and used for the purpose of propelling recoverable aero models" as set forth in R.C. 3743.80(F); and, those used in certain special effect exhibitions where various conditions are met as set forth in R.C. 3743.80(H). Because the applicability of these exceptions depends upon not only the item at issue, but also purpose of the item, the exceptions involve knowledge peculiar to the accused. Further, these exceptions are in the nature of excuses or justifications and are matters upon which "the accused can fairly be required to adduce supporting evidence[.]" See R.C. 2901.05(D). Thus, the exceptions found within R.C. 3743.80(A), (B), (C), (D), (F) and (H) constitute affirmative defenses on which the burden of proof is properly placed upon the accused.

{¶21} However, two exceptions contained within R.C. 3743.80 do not turn upon knowledge peculiar to the accused, namely: the exception for certain "toy pistols, toy canes, toy guns, or other devices" which exception is set forth in R.C. 3743.80(E), and the exception for wire sparklers as set forth in R.C. 3743.80(G). As determination of the exceptions set forth in subsections (E) and (G) can be made upon physical examination, and as there exist no conditions as to the use or planned use of these devices, the exceptions cannot be said to turn upon knowledge peculiar to the accused. Therefore, we conclude that the exceptions set forth in R.C. 3743.80(E) and (G) are not affirmative defenses, and are instead elements of the offense.

{¶22} As the R.C. 3743.65(A) exceptions identified as [1],[2],[3], and [6] above do not pertain to issues peculiarly in the knowledge of a defendant, they do not constitute affirmative defenses, and are instead elements of the offense. Similarly, as R.C. 3743.65(A)[7], insofar as it pertains to R.C. 3743.80(E) and (G), does not relate to issues peculiarly in the knowledge of a defendant, it is likewise not an affirmative defense, and is instead an element of the offense.

However, insofar as R.C. 3743.65(A)[7] pertains to the exceptions set forth within R.C. 3743.80(A), (B), (C), (D), (F), and (H), it does not constitute an element of the offense, and these R.C. 3743.80 exceptions are instead affirmative defenses, on which the accused bears the burden of proof.

{¶23} Accordingly, the State's assignment of error is overruled in part and sustained in part.

## III.

{¶24} The State's assignment of error is sustained in part and overruled in part. The judgment of the Medina Municipal Court is affirmed insofar as it determined that licensing and permitting exceptions contained in R.C. 3743.65(A)[1], [2], [3] and [6] and the exceptions contained in 3743.80(E) and (G) constitute elements of the offense of illegal possession of fireworks. The judgment of the court is reversed insofar as it determined that the remaining exceptions contained within R.C. 3743.80 constitute elements of the offense.

Judgment affirmed in part,
and reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

GREGORY A. HUBER, Prosecuting Attorney, for Appellant.

COLLEEN M. BONK, Attorney at Law, for Appellee.