[Cite as *Brook Park v. Basham*, 2012-Ohio-2067.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97428**

# CITY OF BROOK PARK

PLAINTIFF-APPELLEE

vs.

# BRENDA BASHAM

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No. 09 CRB 00855

**BEFORE:** Kilbane, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 10, 2012

**ATTORNEY FOR APPELLANT**

Robert C. Aldridge
9 Corporation Center
Broadview Heights, Ohio 44147

**ATTORNEY FOR APPELLEE**

Bruce M. Courey
5546 Pearl Road
Parma, Ohio 44129

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Brenda Basham ("Basham"), appeals from her conviction in the Berea Municipal Court for keeping prohibited animals, in violation of Brook Park Codified Ordinances 505.28(a). For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

{¶2} Brook Park Codified Ordinances 505.28(a) prohibits individuals from keeping, maintaining, and possessing "any dangerous or undomesticated or domesticated wild animal within the City."

{¶3} The term "dangerous or undomesticated or domesticated wild animal" is defined as "any animal that is not commonly considered to be a household pet and that would ordinarily be confined to a zoo or farm or found in the wilderness, or that otherwise causes fear or offensive odors or noises to the general public." Section 505.28(b).

{¶4} The term "household pets" is in turn defined as "dogs, cats, canaries, parakeets, fish and other regular domestic animals and birds, [and not] mules, donkeys, cows, bulls, swine, sheep, goats, fowl, bees or pigeons and other domesticated animals, or tamed wild animals or birds."

**{¶5}** Pursuant to Brook Park Codified Ordinances 505.28(d), the prohibited animals ordinance does "not apply to licensed pet shops, menageries, zoological gardens and circuses, if:

(1) Their location conforms to the provisions of the Zoning Code;
(2) All animals and animal quarters are kept in a clean and sanitary condition and so maintained as to eliminate objectionable odors;
(3) Animals are maintained in quarters so constructed as to prevent their escape;
(4) No person lives or resides within 100 feet of the quarters in which the animals are kept; and
(5) The business places set forth herein comply with regulations of the Ohio Department of Wildlife and the United States Department of Agriculture, regarding the housing of animals.

All business places set forth herein shall maintain proper permits as required by both the Ohio Department of Wildlife and the United States Department of Agriculture. (Emphasis added).

**{¶6}** Brook Park Codified Ordinances 505.28(e) authorizes the animal warden to grant temporary and permanent exemptions to "any person with a legitimate purpose for maintaining a prohibited animal" if such person, inter alia, completes a written application, provides a general description of the measures to be taken for the safe, sanitary, and secure maintenance of such animals, and the property passes an inspection by the animal warden.

**{¶7}** On June 3, 2009,[1] Brook Park Animal Control Officer, Karen King ("King"), cited Basham for having three pigs on her property, located at 19132 Sheldon Road, in

---

[1]Prior to this date, Basham sought an exemption from the ordinance in order to keep a goat and three chickens on her property. The city denied the request and

violation of Brook Park Codified Ordinances 505.28(a). An incident report from the matter indicates that King observed the pigs, eight goats, and twenty chickens on the property.

{¶8} Basham pled not guilty. On June 17, 2009, she filed a motion to dismiss the charges. She argued that the prohibited animals ordinance, Section 505.28(a), is unconstitutional on its face and, as applied, the ordinance is inapplicable to her because her property is a farm, and her animals are a "menagerie." Basham additionally claimed that the prohibited animals ordinance violates the separation of powers and is unconstitutionally vague and overbroad.

{¶9} In opposition, the city insisted that Basham does not use her property as a "business, industry, or trade," so it is not a "farm." The city also maintained that Basham could not claim an exclusion under Section 505.28(d), because each of these exclusion contemplates "business places," and, in any event, her animals are not exhibited, and Basham had not applied for an exemption for the animals under Section 505.28(e).

{¶10} As to the separation of powers claim, the city noted that all zoning matters are ultimately decided by mayoral appointees. In making such decisions, and in determining whether to grant an exemption under Section 505.28(e), published criteria govern the decision process, and the matter may be reviewed by the court of common pleas. Similarly, with regard to Basham's charge that Section 505.28 is vague and

Basham filed a civil administrative appeal. *See Basham v. Brook Park*, C.P. No. CV-679522 (Aug. 20, 2010). Those proceedings were ultimately affirmed.

overbroad, the city asserted that the ordinance sets forth clear and unambiguous standards.

{¶11} On November 16, 2009, the Berea Municipal Court held a combined hearing to address the motion to dismiss as well as the criminal citation. The city presented testimony from King. According to King, Basham had applied for an exemption under Brook Park Ordinances 505.28(e) in the civil matter involving the goats and chickens, but in this matter, she did not seek an exemption under this provision for the pigs.

{¶12} On cross-examination, King stated that Basham's property is "considered farmland," and "there's a barn on it, * * * it was a farm at one time." As to whether any of the exemptions set forth in Brook Park Ordinances 505.28(d) for "licensed pet shops, menageries, zoological gardens and circuses," King did not know the definition of a "menagerie." As to whether Basham had permits from the Ohio Department of Wildlife, King testified as follows:

> I don't have any paperwork from those departments, no.
>
> * * *
>
> To my knowledge I don't know if she has any permits. And but [sic] I haven't received any. No.

{¶13} Basham presented no evidence. At the close of the trial, the court concluded:

> Now the city has, in my view, the right to restrict property use in this manner, so a constitutional argument in the varying levels and angles is without substance and is overruled. * * * And I don't see * * * anything to dissuade me on this as to any alternate finding that, you know the exemptions did not exist, that we couldn't fit Ms. Basham into any of the exemptions under the — under the 505.28(d).

So the motion to dismiss is denied and Defendant is guilty.

**{¶14}** On November 16, 2009, the trial court convicted her of the offense and sentenced her to 30 days in jail with a fine of $150, but granted her probation on the condition that she remove all prohibited animals from the property. Herein, Basham appeals from the citation issued in the criminal matter, assigning six errors for our review.

**{¶15}** In her first and third assignments of error, Basham argues that the trial court erred in convicting her of possessing prohibited animals because, she claims, the city did not prove, beyond a reasonable doubt, that her animals are prohibited under the ordinance, and that the exclusion set forth in Section 505.28(d) for a menagerie or zoological garden does not apply herein.

**{¶16}** Pursuant to R.C. 2901.05,

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.
>
> * * *
>
> (D) As used in this section:
>
> (1) An "affirmative defense" is either of the following:
>
> (a) A defense expressly designated as affirmative;

(b) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence.

{¶17} In general, where a statute sets forth exceptions, such exceptions are elements of the offense within the state's burden of proof, and not an affirmative defense within the burden of proof of the defendant where such exceptions do not involve issues "peculiarly within the knowledge of the accused." *State v. Durbin*, 9th Dist. No. 10CA0136-M, 2012-Ohio-301, ¶ 19. Records of licenses and permits maintained by political subdivisions are public records and do not involve issues "peculiarly within the knowledge of the accused." *Id*. Therefore, licensure and permit exceptions to a statute are elements of the offense on which the State bears the burden of proof. *Id*. at ¶ 19.

{¶18} In this matter, Basham asserted that the prohibited animals ordinance is inapplicable here because her animals are a menagerie. At trial, King did not know the definition of a "menagerie," under Brook Park Ordinances 505.28(d) for "licensed pet shops, menageries, zoological gardens and circuses." In addition, King stated that she did not know if Basham had any of the required permits from the Ohio Department of Agriculture and that no permits had been produced in this matter. Under R.C. 2901.05, however, the licensure and permit exceptions to the ordinance do not involve issues "peculiarly within the knowledge of the accused." Therefore, the licensure and permit exceptions are elements of the offense on which the city bears the burden of proof. Basham was not required to demonstrate the existence of such permits in order to

establish that her animals met the exemption set forth in Ordinance 505.28(d). Moreover, the city's witness could not establish that such exceptions are applicable herein.

{¶19} In accordance with the foregoing, we conclude that the city failed to establish its case beyond a reasonable doubt, and therefore, we reverse and remand for further proceedings consistent with this opinion.

{¶20} For her second assignment of error, Basham maintains that the prohibited animals ordinance is inapplicable to her property because the city's zoning ordinance authorizes her to use her property as a farm. In her fourth, fifth, and sixth assignments of error, Basham contends that Section 505.28(a) is unconstitutional because it provides for a delegation of legislative power that violates the doctrine of separation of powers, it is unconstitutionally vague and overbroad, and it violates due process guarantees. In light of our disposition of the first and third assignments of error, these assignments of error are moot. App. R. 12(A)(1)(c).

{¶21} Judgment is reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of the Berea Municipal Court directing the court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR