[Cite as *Miamisburg v. Hanson*, 2016-Ohio-964.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CITY OF MIAMISBURG | : | |
| | : | Appellate Case No. 26582 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CRB-1211 |
| v. | : | |
| | : | (Criminal Appeal from |
| JOHN W. HANSON | : | Miamisburg Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2016.

. . . . . . . . . . .

CHRISTINE L. BURK, Atty. Reg. No. 0050559, 10 North First Street, Miamisburg, Ohio 45342
    Attorney for Plaintiff-Appellee

JEREMY M. TOMB, Atty. Reg. No. 0079664, Klein, Tomb & Eberly, LLP, 124 West Main Street, Troy, Ohio 45373
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} John Hanson appeals from his conviction and sentence on charges of illegal possession of fireworks and disorderly conduct.

{¶ 2} Hanson advances two assignments of error. First, he contends the State

presented insufficient evidence to support his fireworks-possession conviction. Second, he claims the trial court erred in failing to impose his sentence without unnecessary delay and in filing a deficient judgment entry.

{¶ 3} The record reflects that Hanson and his brother were arrested at approximately 4:00 a.m. after an evening celebrating the Fourth of July holiday. Hanson's next-door neighbor testified that he was awakened by the noise of exploding fireworks, and he saw Hanson standing in the smoke. He stopped a passing police vehicle and asked the officer to get Hanson to stop. The officer testified that as she approached the residence, fireworks exploded in the roadway and under her cruiser. The officer observed that Hanson and his brother were intoxicated, loud, and belligerent when she attempted to talk to them.   After Hanson failed to heed several warnings to cooperate, the officer arrested him for disorderly conduct. The next day, the neighbor found spent bottle-rocket type fireworks in his yard and across the street where he had seen Hanson celebrating.

{¶ 4} Hanson was charged with illegal possession of fireworks, a first-degree misdemeanor, in violation of R.C. 3743.65(A), and disorderly conduct, a fourth-degree misdemeanor, in violation of R.C. 2917.11(B)(1). Immediately after a jury verdict finding him guilty of both charges, the trial court, in open court, announced sentence as follows:

> THE COURT: Well I guess I am going to find out if you are a nice guy as you represent. A hundred and eighty days in jail with a hundred and seventy-five suspended, a two hundred and eighty dollar fine, plus court costs, that includes the trial and jury fees. One year reporting probation. Credit for two days that he has already served, the other three days he can serve over a weekend, Friday to Sunday within the next thirty days. I am

going to apply the bond, I am going to order him to complete the one day anger management class, I want an alcohol assessment and any follow-up after care treatment they may recommend. I am additionally going to order twenty hours of community service wherever he chooses to be appropriate, but it's got to be a charity, a church, some worthy community endeavor, not Aunt Hattie's Bar. All right. On the disorderly conduct I am just going to make it a hundred and eighty dollar fine, plus admin costs. I've kind of rolled that into the possession of fireworks. I hope everything works out Mr. Hanson, good luck. We are adjourned. Mr. Hanson you have a right to appeal, Mr. Liles will explain all of that to you, good luck.

(Tr. at 122).

{¶ 5} The first sentencing entry was recorded the day of the jury verdict. It ordered Hanson to serve three days in jail for the possession of fireworks conviction, but it did not contain any conviction or sentence for disorderly conduct. Nor did it order any fine, court costs, anger management, or alcohol assessment. After Hanson appealed, we issued an order to show cause why the appeal should not be dismissed because the sentencing entry lacked an order of conviction. Subsequently, the trial court issued a second sentencing entry, which we deemed to satisfy our show-cause order, and we allowed the appellate record to be supplemented with that entry.

{¶ 6} The second sentencing entry indicates that a jury found Hanson guilty of illegal possession of fireworks and disorderly conduct. It orders him to pay a $280 fine, imposes a jail sentence of 180 days, gives credit for two days served, and suspends 175 days on the condition that he satisfactorily completes the terms of the sentence and

probation. The entry also orders Hanson to serve three days in jail within 30 days. It additionally orders him to attend a one-day anger management class, complete an alcohol assessment and any recommended follow-up treatment, and complete 20 hours of community service. The entry states that the court imposes "one year reporting probation." However, the entry does not specify which part of the sentence is for the fireworks conviction, which part is for the disorderly conduct conviction, or whether the trial court merged the two offenses for sentencing.

{¶ 7}  In his first assignment of error, Hanson challenges the legal sufficiency of the evidence to support his fireworks-possession conviction. He argues that the State failed to present any evidence to establish that certain exceptions to, and exemptions from, the fireworks statute did not apply to him. It is undisputed that the State presented no evidence at trial specifically directed at establishing that Hanson failed to meet any exceptions or exemptions authorized by Ohio law. The State argues, however, that the statutory exceptions and exemptions are affirmative defenses, which must be proven by the defendant. Alternatively, the State contends it can be inferred from the evidence that was presented that Hanson's conduct did not fit within any of the exceptions or exemptions.

{¶ 8} Hanson was convicted of illegal possession of fireworks in violation of R.C. 3743.65(A), which provides:

> No person shall possess fireworks in this state or shall possess for sale or sell fireworks in this state, except [1] a licensed manufacturer of fireworks as authorized by sections 3743.02 to 3743.08 of the Revised Code, [2] a licensed wholesaler of fireworks as authorized by sections 3743.15 to 3743.21 of the

Revised Code, [3] a shipping permit holder as authorized by section 3743.40 of the Revised Code, [4] an out-of-state resident as authorized by section 3743.44 of the Revised Code, [5] a resident of this state as authorized by section 3743.45 of the Revised Code, or [6] a licensed exhibitor of fireworks as authorized by sections 3743.50 to 3743.55 of the Revised Code, and except as provided in section 3743.80 of the Revised Code.[1]

{¶ 9} The foregoing statute generally criminalizes the possession of fireworks in Ohio subject to the six exceptions contained therein. The last statute referenced above, R.C. 3743.80, sets forth eight exemptions from R.C. Chapter 3743 altogether. It provides:

This chapter does not prohibit or apply to the following:

(A) The manufacture, sale, possession, transportation, storage, or use in emergency situations, of pyrotechnic signaling devices and distress signals for marine, aviation, or highway use;

(B) The manufacture, sale, possession, transportation, storage, or use of fusees, torpedoes, or other signals necessary for the safe operation of railroads;

(C) The manufacture, sale, possession, transportation, storage, or use of blank cartridges in connection with theaters or shows, or in connection with athletics as signals or for ceremonial purposes;

(D) The manufacture for, the transportation, storage, possession, or use by, or sale to the armed forces of the United States and the militia of

---

[1] We have inserted the six bracketed numbers in the statute for ease of reference when referring to each of the six exceptions that are not numbered by the statute itself.

this state of pyrotechnic devices;

(E) The manufacture, sale, possession, transportation, storage, or use of toy pistols, toy canes, toy guns, or other devices in which paper or plastic caps containing twenty-five hundredths grains or less of explosive material are used, provided that they are constructed so that a hand cannot come into contact with a cap when it is in place for explosion, or apply to the manufacture, sale, possession, transportation, storage, or use of those caps;

(F) The manufacture, sale, possession, transportation, storage, or use of novelties and trick noisemakers, auto burglar alarms, or model rockets and model rocket motors designed, sold, and used for the purpose of propelling recoverable aero models;

(G) The manufacture, sale, possession, transportation, storage, or use of wire sparklers.

(H) The conduct of radio-controlled special effect exhibitions that use an explosive black powder charge of not more than one-quarter pound per charge, and that are not connected in any manner to propellant charges, provided that the exhibition complies with all of following:

(1) No explosive aerial display is conducted in the exhibition;

(2) The exhibition is separated from spectators by not less than two hundred feet;

(3) The person conducting the exhibition complies with regulations of the bureau of alcohol, tobacco, and firearms of the United States

department of the treasury and the United States department of transportation with respect to the storage and transport of the explosive black powder used in the exhibition.

{¶ 10} On appeal, Hanson relies exclusively on *State v. Durbin*, 9th Dist. Medina No. 10CA0136-M, 2012-Ohio-301, to argue that *some* of the exceptions in R.C. 3743.65(A) and *some* of the exemptions in R.C. 3743.80 are elements of the offense of illegal possession of fireworks that must be negated by the State. In *Durbin*, the Ninth District recognized that "R.C. 3743.01(F) defines a firework as 'any composition or device prepared for the purpose of producing a visible or an audible effect by combustion, deflagration, or detonation, except ordinary matches and except as provided in section 3743.80 of the Revised Code.'" The *Durbin* court then quoted R.C. 3743.80(A) through (H), which effectively exempts the things mentioned there from the definition of a "firework." *Durbin* also quoted R.C. 3743.65(A) and its exceptions to the unlawful possession of fireworks. Finally, *Durbin* quoted R.C. 2901.05(D), which defines an "affirmative defense" as either "[a] defense expressly designated as [an] affirmative defense" or "[a] defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence."

{¶ 11} With the foregoing standards in mind, the *Durbin* court recognized that none of the exceptions in R.C. 3743.65(A) or the exemptions in R.C. 3743.80 expressly are designated as affirmative defenses.[2] The Ninth District proceeded to find, however, that

---

[2] We note that the *Durbin* court referred to the items listed in both R.C. 3743.65(A) and R.C. 3743.80 as "exceptions." For purposes of our analysis herein, we have referred to the items listed in R.C. 3743.65(A) as "exceptions" and the items listed in R.C. 3743.80

*two* of the six exceptions in R.C. 3743.65(A)—identified as [4] and [5] above pertaining to non-residents and Ohio residents transporting fireworks out of Ohio—are affirmative defenses because they involve justifications or excuses peculiarly within the knowledge of the accused. Conversely, the Ninth District found that the other four exceptions in R.C. 3743.65(A)—identified as [1], [2], [3], and [6] above pertaining to certain license or permit holders—were elements of the offense of illegal possession of fireworks because knowledge of a license or permit was not peculiar to the accused, as such knowledge could be obtained by the State through a public-records search. *Durbin* at ¶ 16-19.

{¶ 12} The *Durbin* court then turned to the exemptions in R.C. 3743.80. It reasoned that the exemptions "found within R.C. 3743.80(A), (B), (C), (D), (F) and (H) constitute affirmative defenses on which the burden of proof is properly placed upon the accused." *Id.* at ¶ 20. The Ninth District reached this conclusion on the basis that applicability of these exemptions "depends upon not only the item at issue, but also [the] purpose of the item," thereby requiring knowledge peculiar to the accused. *Id.* It also reasoned that these exemptions involved matters on which the accused could fairly be required to adduce evidentiary support. *Id.* With regard to the exemptions found in R.C. 3743.80(E) and (G), however, the *Durbin* court found that they did not turn upon knowledge peculiar to the accused. Therefore, the Ninth District determined that these two exemptions were elements of the offense of illegal possession of fireworks in violation of R.C. 3743.65(A). *Id.* at ¶ 21.

{¶ 13} Upon review, we find the Ninth District's analysis in *Durbin* unpersuasive

---

as "exemptions." Although we prefer the different terminology for clarity, it makes no substantive difference.

and respectfully decline to follow it. We agree with the State's assertion that the six exceptions to illegal possession of fireworks set forth in R.C. 3743.65(A) all are affirmative defenses that must be raised by the defense rather than elements of the offense that must be negated by the prosecution. We also conclude that R.C. 3743.80's eight exemptions from R.C. Chapter 3743 constitute part of the statutory definition of "fireworks" and, therefore, are neither additional individual elements to be proven by the State nor affirmative defenses to be proven by the defense.

{¶ 14} In reaching the foregoing conclusion, we first observe that requiring the State to present evidence to negate any of the six exceptions to illegal possession of fireworks is analogous to requiring the prosecution to prove, in a drug-possession case, that the possessor is not a physician, pharmacist, drug manufacturer, or person with a lawful prescription, each of whom is excepted from the drug-possession statute in R.C. 2925.11. In that regard, the drug-possession statute states: "This section does not apply to any of the following: (1) [m]anufacturers, licensed health professionals authorized to prescribe drugs, pharmacists,* * * [or] (4) [a]ny person who obtained the controlled substance pursuant to a lawful prescription." R.C. 2925.11(B). It would turn hundreds of thousands of drug-possession cases upside down if the prosecution were required to prove that every defendant was not a physician, manufacturer, or pharmacist, all of which the State could ascertain from publicly-available records, just like permit and license records for fireworks. Likewise, the State need not prove that a defendant lacks a lawful prescription to obtain a drug-possession conviction under R.C. 2925.11. *State v. Dunham*, 4th Dist. Scioto No. 04CA2931, 2005-Ohio-3642, ¶ 45 (holding that whether the defendant possessed drugs pursuant to a lawful prescription was an affirmative defense

for the defendant to prove).[3]

{¶ 15} We also believe the sheer number of the R.C. 3743.65(A) exceptions and the R.C. 3743.80 exemptions demonstrates that the Ninth District's holding in *Durbin* would be unreliable. The statutes contain six exceptions and eight definitional exemptions. Parsing out some statutory subsections as affirmative defenses, while ignoring others, promotes uncertainty, inconsistency, and confusion. The effect on prosecutors, defense counsel, courts, and law enforcement will be to guess which exceptions or exemptions apply. Which are in and which are out?

{¶ 16} The R.C. 3743.65(A) exceptions, numbered here sequentially, include (1) licensed manufacturers, (2) licensed wholesalers, (3) permit-holding shippers, (4) out-of-state residents who obtain fireworks in Ohio but who directly are transporting them out of the state, (5) Ohio residents who transport the fireworks out of the state within 48 hours of purchase, and (6) licensed exhibitors. *Durbin* concludes that only categories four and five involve information peculiarly within the accused's knowledge. But who readily and peculiarly knows whether they are authorized by license or permit under the other exceptions? It is the holder of the license or permit. The State's eventual ability to obtain

---

[3] We recognize that the lawful-prescription exception in R.C. 2925.11(B)(4) is most analogous to an Ohio purchaser of fireworks who is excepted from illegal possession by virtue of completing a form indicating that he will transport the fireworks out of state within 48 hours (as provided in the fifth exception in R.C. 3743.65(A), which *Durbin* itself acknowledges is an affirmative defense). But *Dunham*'s holding that the defense must raise and prove a statutory exception still applies. *Dunham* at ¶ 45 (citing cases for the proposition that an accused bears the burden of proving that he fits within a statutory exemption from criminal liability); *see also State v. Washington*, 1st Dist. Hamilton No C-810917, 1982 WL 4799 (Oct. 27, 1982) (holding that the State was not required to prove that the defendant was not an "officer, agent,* * * [or] law enforcement officer authorized to carry concealed weapons" because that was an "exemption" and the burden of proving an "exemption" is on the defendant).

information from the Ohio Fire Marshal as to who is licensed fails to demonstrate that such information is not peculiarly with the knowledge of the license holder. For these reasons, we conclude all of the R.C. 3743.65(A) exceptions are affirmative defenses just like exceptions to drug possession and exceptions to the statutory prohibition against carrying a concealed weapon.

{¶ 17} But even if we accept, arguendo, that not all of the R.C. 3743.65(A) exceptions are affirmative defenses, none of those provisions apply here because they do not authorize the possession of fireworks at 4:00 a.m. in a residential neighborhood for the purpose of shooting them off in a private display. The only exception that conceivably could apply is number six, the exhibitor exception. However, in a municipal corporation such as Miamisburg, a licensed exhibitor may only perform a public fireworks display if the exhibition has been approved by the municipal fire chief and police chief, who must sign a permit for the exhibition after an inspection of the premises. *See* R.C. 3743.54(B)(1)(a) and (B)(2). The licensed exhibitor must show his or her license to the inspector. R.C. 3743.54(C). The exhibitor must provide an indemnity bond of at least $1,000,000. R.C. 3743.54(D). A certified fire safety inspector, fire chief, or fire-prevention officer must be present before, during, and after the exhibition. R.C. 3743.54(F). Given these requirements, the record supports a conclusion, beyond a reasonable doubt, that Hanson's possession of fireworks in conjunction with his 4:00 a.m. display in a residential neighborhood, which included fireworks detonated under the police car, did not qualify as statutorily authorized possession of fireworks at a licensed, permitted, inspected, and supervised exhibition. Accordingly, the record demonstrates that none of the R.C. 3743.65(A) exceptions apply regardless of whether they are characterized as elements

that must be negated by the State or affirmative defenses that must be established by the accused.

{¶ 18} Finally, the R.C. 3743.80(A) through (H) exemptions exclude the following devices from the statutory definition of "fireworks": (A) "pyrotechnic signaling devices and distress signals" (i.e., safety or signal flares); (B) railroad "fusees, torpedoes, or other signals,"[4] (C) "blank cartridges" for "theaters or shows" or "athletics" (i.e., starter-pistol blank charges); (D) armed forces or militia devices (i.e., grenades, bombs, ordnance); (E) paper or plastic caps for toy pistols with less than .025 grains of explosive only when used in a toy where the use does not allow one's hand to come in contact with the explosive cap (i.e., the tiny caps used in toy guns); (F) "novelties and trick noisemakers, auto burglar alarms, or model rockets and model rocket motors" used to propel recoverable models; (G) "wire sparklers"; and (H) radio-controlled special effect exhibitions with specific enumerated restrictions. The Ninth District concluded in Durbin that the caps for toy pistols (E) and wire-sparkler (G) exemptions are not affirmative defenses and must be proven—actually negated—by the prosecution. Again, we disagree.

{¶ 19} The list of exemptions in R.C. 3743.80 is nothing more than definitional criteria establishing that certain items are excluded from the term "fireworks." As set forth above, "fireworks" means "any composition or device prepared for the purpose of producing a visible or an audible effect by combustion, deflagration, or detonation, except ordinary matches and except as provided in section 3743.80 of the Revised Code." R.C.

---

[4] A "torpedo" is a small device strapped to a train rail that explodes when run over to provide a loud warning of danger. *See* http://dictionary.reference.com/browse/torpedo. A "fusee" is a red flare light used by a railroad to warn approaching trains. *See* http://dictionary.reference.com/browse/fusee.

3743.01(F). Therefore, the State cannot present evidence that a defendant possessed an orange and reasonably contend that establishes possession of fireworks—it doesn't fit the definition. Likewise, the State cannot present evidence that a defendant possessed a highway flare and establish that it is a "firework"—it is excluded from the statutory definition by R.C. 3743.80(A).

{¶ 20} In our view we should not require the State to prove that the "fireworks" at issue were not the caps for a toy gun (E) or wire sparklers (G) yet not require the State to prove that the items displayed were not signal flares, fusees, torpedoes, model-rocket motors, or blank cartridges. *Durbin* attempts to distinguish those latter items as affirmative defenses because their intended use is peculiarly within the knowledge of the accused. But a signal flare in one's possession in his trunk is exempted regardless of whether it could be used for a celebratory pyrotechnic display in the future. A starter pistol is exempted whether it is in the possession of a referee at a race or in a school storage room, regardless of whether it someday may be used for a holiday celebration. In our view, the use to which a pyrotechnic item may be put in the statute is terminology describing the nature of the device and only perhaps related to whether its eventual use should be prohibited. We believe the *Durbin* court's focus on the use to which an item eventually is put is misplaced when deciding the initial manufacture or possession. Accordingly, we respectfully disagree with *Durbin* and decline to follow it.

{¶ 21} But even if the cap-gun and wire-sparkler exemptions are elements that must be negated by the State, the record here contains ample evidence for the jury to have concluded that Hanson's display did not involve a cap gun or wire sparkler. Everyone at the trial, including defense counsel, referred to the display that night as the

result of "fireworks." Hanson's neighbor, his wife, and their dogs were awakened at 4:00 a.m. by "fireworks" exploding right outside his upstairs bedroom window. He said there were "fireworks going off, kind of on a regular basis, bottle rockets." (Transcript at 37). Once outside, the neighbor saw only Hanson in the middle of a cloud of smoke where "fireworks" had just been set off. (*Id.* at 38). The following day, he found six spent "larger bottle rockets" in the side yard between the houses and eight in his back yard. (*Id.* at 40). On the sidewalk in front of the house where Hanson was seen, the neighbor found a large black area where "fireworks" had been going off and a lot of debris there and in the street. (*Id.* at 41). At the time of the event, the neighbor flagged down a passing police officer who said, "I observed fireworks at night in the roadway in front of me and then beneath my vehicle." (*Id.* at 47). "[T]here were ignited fireworks and some of them were actually still smoking on the front steps and the front sidewalk." (*Id.* at 53) The defense, throughout the trial and in closing argument, referred to the cause of the smoke and noise as "fireworks." The defense theory was that the State did not prove the identity of the person who was shooting off the fireworks, not that the items exploded were something outside the statutory definition of "fireworks." A "bottle rocket" undeniably and unmistakably is not a cap for a toy pistol, and it is not a wire sparkler. The jury received the list of R.C. 3743.80 exemptions and apparently found none applicable. Therefore, on this record, construing the evidence most favorably to the State, we find more than sufficient evidence for the jury to conclude that the explosions were from "fireworks" in Hanson's possession. Accordingly, the first assignment of error is overruled.

{¶ 22} In his second assignment of error, Hanson contends the trial court's judgment entry was deficient because it was delayed and because it failed to identify

which sanction was imposed for each of his two separate offenses.

{¶ 23} The record reflects that a judgment entry imposing sentence was filed timely, but it was later amended. We acknowledge that trial courts retain jurisdiction over offenders sentenced to jail for a misdemeanor and have the authority to amend their entries. Pursuant to R.C. 2929.24(B)(1), a court retains jurisdiction over every offender sentenced to jail for a misdemeanor to modify the jail sentence imposed at any time. For sentences combining jail and community control sanctions, R.C. 2929.25(B) provides:

> If a court sentences an offender to any community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the sentencing court retains jurisdiction over the offender and the period of community control for the duration of the period of community control. Upon the motion of either party or on the court's own motion, the court, in the court's sole discretion and as the circumstances warrant, may modify the community control sanctions or conditions of release previously imposed, substitute a community control sanction or condition of release for another community control sanction or condition of release previously imposed, or impose an additional community control sanction or condition of release.

{¶ 24} The Ohio Supreme Court has established that "courts possess the authority to correct errors in judgment entries so that the record speaks the truth." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Id.*

{¶ 25} The trial court's first sentencing entry contained numerous mistakes and omissions, necessitating its correction. The second sentencing entry corrects many of the previous mistakes but also incorrectly fails to state which of the sanctions imposed are for illegal possession of fireworks and which are for disorderly conduct. We safely can infer that the 180-day jail sentence was imposed for the first-degree misdemeanor, illegal possession of fireworks, because the statutory limit on fourth-degree misdemeanors is thirty days, pursuant to R.C. 2929.24(A)(4). However, it is not clear whether the separately identified jail sentence of three days was imposed for disorderly conduct. The entry also fails to identify what portion of the financial sanctions are imposed for each separate offense, although the amount imposed, $280, does exceed the $250 limit for a fourth-degree misdemeanor, pursuant to R.C. 2929.28(A)(2)(a)(iv). Accordingly, Hanson's second assignment of error is sustained insofar as the deficient judgment entry must be amended. Upon remand, the trial court should assure that its entry complies with the statutory requirements found in R.C. 2929.25, 2929.28, and R.C. 2947.23.

{¶ 26} Based on the reasoning set forth above, the trial court's judgment is affirmed in part and reversed in part, and the cause is remanded for the limited purpose of correcting the deficient judgment entry.

. . . . . . . . . . . . . .

FAIN, J., concurs.

FROELICH, J., concurring:

{¶ 27} I concur that the exceptions in R.C. 3743.65(A) are affirmative defenses.

{¶ 28} The jury was correctly instructed, including the definition of fireworks and that certain items, listed in R.C. 3743.80, are not fireworks. By its verdict, the jury

determined that the prosecution met its burden of proving the Appellant possessed fireworks as that term is defined in the Revised Code. Moreover, there was sufficient evidence for the jury to have reached this conclusion.

{¶ 29} Therefore, I concur in the judgment.

. . . . . . . . . .

Copies mailed to:

Christine L. Burk
Jeremy M. Tomb
Hon. Robert W. Rettich, III